IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARK V. WILSON,**

       **Plaintiff,**

v.                                                                                                        No. 99cv1251 JP/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Wilson's) Motion to Reverse or Remand the Administrative Decision, filed May 12, 2000. The Commissioner of Social Security issued a final decision denying Wilson's application for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion to remand for rehearing is well taken and recommends that it be GRANTED.

Wilson, now forty-three years old, filed his application for disability insurance benefits and supplemental security income on January 3, 1996, alleging a disability which commenced April 1, 1993, due to chronic back pain stemming from a herniated disc and degenerative disc disease. Tr. 79. He has a GED and past relevant work as a mechanic and customer service manager. The Commissioner denied Wilson's application for disability insurance benefits and supplemental security income both initially and on reconsideration.

After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Wilson had a herniated nucleus pulposus and degenerative disc disease, a severe

medical impairment by regulatory definition.  However, the ALJ found Wilson's   impairments did not meet or equal a listing impairment as found in Appendix 1.  Tr. 16.  In addition, although the ALJ found Wilson did not have the residual functional capacity (RFC) to return to his past relevant work, he had retained the RFC to perform the full range of light work.    Furthermore, the ALJ found Wilson's allegations of disabling pain were not credible and his pain did not reduce his RFC below the full range of light work.  *Id.*  The ALJ found Wilson was therefore not disabled within the meaning of the Social Security Act and not entitled to disability insurance benefits or supplemental security income.  On August 31, 1999, the Appeals Council denied Wilson's request for review of the ALJ's decision.  Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.  Wilson seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the

Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Wilson makes the following arguments: (1) the ALJ's finding that he could perform the full range of light work is unsupported by substantial evidence and is legally erroneous; (2) the ALJ's credibility determination is unsupported by substantial evidence and legally erroneous; (3) the ALJ failed to properly assess medical opinion evidence; and (4) the ALJ failed in her duty to develop the record by not obtaining all records of which she was on notice.

In her November 19, 1997 decision, adopting Dr. Morgan's findings, the ALJ concluded Wilson could perform the full range of light work.[1]  This conclusion is not supported by

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some

Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Wilson makes the following arguments: (1) the ALJ's finding that he could perform the full range of light work is unsupported by substantial evidence and is legally erroneous; (2) the ALJ's credibility determination is unsupported by substantial evidence and legally erroneous; (3) the ALJ failed to properly assess medical opinion evidence; and (4) the ALJ failed in her duty to develop the record by not obtaining all records of which she was on notice.

In her November 19, 1997 decision, adopting Dr. Morgan's findings, the ALJ concluded Wilson could perform the full range of light work.[1]  This conclusion is not supported by

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some

substantial evidence. Dr. Morgan, a non-examining physician, completed the RFC assessment and determined Wilson could do the following: (1) occasionally lift and/or carry 50 pounds; (2) frequently lift and/or carry 25 pounds; (3) stand and/or walk for a total of about 6 hours in an 8-hour workday; (4) sit about 6 hours in an 8-hour workday; and (4) push and/or pull was unlimited. Tr. 106-113. However, at the administrative hearing, Wilson testified he could only sit or stand for half an hour, could only walk for ten or fifteen minutes, and spent 80 % of the day in bed. Tr. 40, 41. Additionally, in reply to the ALJ's question as to what he did in a normal day, Wilson replied, "make coffee is about it." Tr. 42. Wilson explained to the ALJ that his back pain kept him from doing anything else. *Id.* In her decision, the ALJ found Wilson could clean, cook, shop and care for his personal needs and do these activities independently and appropriately. Tr. 20. The ALJ also found "[t]he evidence supports the conclusion that claimant exaggerates his allegations of pain. *Id.* The record does not support these findings.

     Credibility determinations are peculiarly the province of the finder of fact and will not be upset when supported by substantial evidence. *Diaz v. Secretary of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Bowen,* 838 F.2d 1125, 1133 (10th Cir. 1988). In this case, the ALJ gave no particular reasons for discounting Wilson's credibility, and her conclusion is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92

---

```
pushing and pulling of arm or leg controls.  To be considered
capable of performing a full or wide range of light work, you must
have the ability to do substantially all of these activities.  See
20 C.F.R. § 404.1567(b).
```

(10th Cir. 1995). On remand, the ALJ should reevaluate Wilson's credibility.

In evaluating a claim of disabling pain, the proper analysis requires the ALJ to consider (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)).

When determining the credibility of pain testimony, the ALJ should consider such factors as: the levels of medications and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, and the consistency or compatibility of nonmedical testimony with objective medical evidence. *Huston*, 838 F.2d at 1132. On remand the ALJ is to apply this pain analysis correctly and not ignore the evidence. For example, in doing her pain analysis, the ALJ reported Wilson could clean, cook, shop and care for his personal needs and performed these activities independently and appropriately. The ALJ also noted Wilson's pain was of short duration, frequency occasional and intensity mild. The record does not support these findings.

Generally, the reports of reviewing physicians are accorded less weight than those of examining physicians. *Talbot v. Heckler*, 814 F.2d 1456, 1463 (10th Cir. 1987). In this case, the ALJ chose to rely on Dr. Morgan's RFC evaluation which supports her conclusion and ignored contrary medical evidence. The medical evidence from Wilson's examining physicians do not support the ALJ's finding that Wilson could perform the full range of light work. On April 2, 1996, Dr. Ceraolo performed an orthopedic consultation. The physical exam revealed Wilson had

(1) "visible and palpable paraspinal left-sided lumbar muscle spasms which could be seen and felt;" (2) gluteal tone bilaterally indicated the persistence of a left-sided lesion; (3) spinal extension was more uncomfortable than spinal flexion; and (4) lateral bending to the right was more painful than lateral bending to the left.  Tr. 173.  Dr. Ceraolo further noted that Wilson demonstrated some of the physical signs consistent with his present symptoms in his left leg and lumbosacral spine.  Tr. 174.  The x-rays indicated Wilson had degenerative disc changes at L3-4 and L5-S1 with degenerative joint changes at L5-S1.  Finally, Dr. Ceraolo opined Wilson was partially permanently disabled and concluded Wilson would no longer be able to perform prolonged physical labor full-time.  *Id.*

On January 4, 1994, Dr. Clifford performed an orthopedic evaluation.  Tr. 187-198.  Dr. Clifford opined that, although Wilson was a poor historian and appeared to selectively give information, "nevertheless he had significant physical findings and x-ray changes which would quite reasonably indicate progression of a disc protrusion" and found him "temporarily totally disabled."  Tr. 197.  Dr. Clifford's objective findings of disability included limitation of motion of the lumbar spine, straight leg raising limited bilaterally with a positive Bragard's sign on the left side and there was slight hyperesthesia.  Tr. 196.  Dr. Clifford recommended a lumbosacral discectomy and transverse process fusion of L5 to the sacrum because of the degenerative nature of the disc and the prolonged clinical course.  Tr. 197.

Absent from the record are the medical records from Wilson's treating physician, Dr. Bronshvag, which were referred to in Dr. Clifford's report.  The Commissioner has the duty to ensure that an adequate record is developed relevant to the issues raised.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).  Consistent with this duty, 20 C.F.R.§ 404.1512(d) states

6

that the Commissioner will make "every reasonable effort" to help a claimant get records from his or her medical sources. In this case, medical records from Wilson's treating physician are critical to determine if Wilson's impairments, herniated nucleus pulposus and degenerative disc disease, meet listing 1.05(C). On remand, the ALJ should make every effort to procure medical records from Wilson's treating physicians.

On remand, the ALJ should reevaluate her analysis of Wilson's complaints of disabling pain and properly apply the *Luna* pain analysis, reevaluate her conclusion that Wilson retained the RFC to do light work in light of his severe, nonexertional impairment of pain, and link her credibility determination with specific evidence of record, and not ignore the evidence.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and her decision is not supported by substantial evidence. Wilson's Motion to Reverse and Remand Administrative Decision should be granted. This case should be remanded to the Commissioner to allow the ALJ to analyze Wilson's complaints of disabling pain, apply the *Luna* pain analysis correctly, reevaluate her conclusion that Wilson retained the RFC to do light work in light of his severe, nonexertional impairment of pain, link her credibility determination with specific evidence of record, and not ignore the evidence.

_____
**JOE H. GALVAN**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.